The TRAVELERS INSURANCE
COMPANY, a Connecticut
corporation, Plaintiff,

v.

JACOB C. MOL, INC., a Michigan corporation, Jacob C. Mol, an individual, and Bossert Industrial Supply, Inc., an Illinois corporation, Defendants.

No. 1:95–CV–256.

United States District Court,
W.D. Michigan,
Southern Division.

Aug. 21, 1995.

Stuart H. Teger, Honigman, Miller, Schwartz & Cohn, Detroit, MI, for plaintiff.

Stephen A. Hilger, Rhoades, McKee, Boer, Goodrich & Titta, Grand Rapids, MI, for defendant.

*OPINION*

QUIST, District Judge.

The Travelers Insurance Company (Travelers) brought this action to recover unpaid insurance premiums allegedly owing on Travelers Group Policy No. G and GA–109376 issued to Lakeshore Industrial Supply, Inc. (Lakeshore).[1]  In Count I, Travelers claims

---

1.  The entities which benefited from these policies    were Lakeshore Industrial Supply, Inc., Lake-

that defendant Mol, Inc. merged with Lakeshore and thus succeeded to Lakeshore's liabilities. In Count III, Travelers contends that defendant Bossert Industrial Supply, Inc. (Bossert) is liable because it succeeded to the liabilities of Lakeshore as a result of a de facto merger with Mol Inc. on January 5, 1990. Mr. Jacob C. Mol is alleged to be liable pursuant to Count II because he is believed to have had sole control of Mol Inc. at the time of its sale of assets to Bossert and at the time of its dissolution. Defendants Jacob C. Mol, Mol Inc. and Bossert filed a Motion for Partial Summary Judgment. The Court heard oral arguments on the motion on June 22, 1995. Following the hearing, the Court issued an Order which denied the motion on Count I and granted the motion on Count III. As to Count II, the Court said:

> 2. The Motion for Partial Summary Judgment as it relates to Count II is taken under advisement. The Court finds that the applicable Statute of Limitations is three years under M.C.L. 450.1554. The parties are invited to submit additional briefs and affidavits pertaining to when the cause of action asserted in Count II arose. The parties are also invited to submit additional briefs addressing the jurisdictional issue as to whether the action against Jacob C. Mol individually is permissible under Michigan or federal law. All briefs and supplemental filings need to be submitted by July 10, 1995.

Count II alleges that Mr. Mol is liable to Travelers for the debts of Mol, Inc. Travelers bases its claim against Mr. Mol on M.C.L. 450.1551, Section 551 of the Michigan Business Corporation Act,[2] which provides that in certain circumstances directors of a corporation may be "liable to the corporation for the benefit of its creditors or shareholders." The statute states in part:

> (1) Directors who vote for, or concur in, any of the following corporate actions are jointly and severally liable to the corpora-

tion for the benefit of its creditors or shareholders, to the extent of any legally recoverable injury suffered by such persons as a result of the action but not to exceed the amount unlawfully paid or distributed:

> \*     \*     \*

> (b) Distribution to shareholders during or after dissolution of the corporation without paying or providing for debts, obligations, and liabilities of the corporation as required by **section 855a.**

> \*     \*     \*

> (2) A director is not liable under this section if he or she has complied with section 541a.[3]

> (3) A shareholder who accepts or receives a share dividend or distribution with knowledge of facts indicating it is contrary to the act, or any restriction in the articles, is liable to the corporation in the amount accepted or received by him or her.

### Jurisdiction

■ At oral argument, this Court questioned whether it had diversity jurisdiction over this action. M.C.L. 450.1551 makes directors liable to the *corporation.* It is not clear from the language of the statute whether a creditor can sue in *its own name.* In this case, Mr. Mol and Mol, Inc. are both citizens of the State of Michigan. If Travelers were required to sue Mr. Mol in the name of the corporation, there would be no diversity jurisdiction. At the conclusion of the hearing, this Court asked the parties to submit supplemental briefs addressing the issue of jurisdiction.

In *Christner v. Anderson, Nietzke & Co., P.C.,* 433 Mich. 1, 444 N.W.2d 779 (1989), the Michigan Supreme Court held that the plaintiff, a former shareholder, director and employee of the company, could maintain an individual action against the defendants for dissipating corporate assets. The court re-

---

shore Industrial Supply and Machinery Co., Inc., Lakeshore Material Handling, Inc., Lakeshore Machinery, Inc., Lakeshore Machinery and Supply Co., and Lakeshore Machinery and Supply Company Health Care Plan and Trust.

2. Future statutory references will be to the compiled laws citation.

3. This section defines the standards of conduct a director must follow in discharging duties.

lied upon section 851(1) of the Business Corporation Act [4] and sections 3605 and 3620 of the Revised Judicature Act.[5] Although the facts of *Christner* are somewhat distinguishable from the facts in the instant case, the court's reasoning indicates that Travelers can bring an action against Mr. Mol directly. Consequently, this Court is satisfied that it has diversity jurisdiction and can decide this matter.

### Accrual of Cause of Action

In Count II, Travelers clearly bases its claim against Jacob C. Mol upon allegations that Mr. Mol, as a director of Mol, Inc., violated his duties under the dissolution provisions of the Michigan Business Corporation Act by distributing the corporation's assets to the shareholders of Mol, Inc. without providing for Travelers' retrospective insurance premium. Specifically, Count II cites M.C.L. 450.1855a, which states as follows:

> Before making a distribution of assets to shareholders in dissolution, a corporation shall pay or make provision for its debts and obligations and liabilities. **Compliance with this section requires that, to the extent that a reasonable estimate is possible, provision be made for those debts, obligations, and liabilities anticipated to arise after the effective date of dissolution.**
>
> *     *     *
>
> After payment or adequate provision has been made for the corporation's debts, obligations, or liabilities, the remaining assets shall be distributed to shareholders according to their respective rights and interests. The distribution may be made either in cash or in kind or in both.

As shown on pages 2 and 3 of this Opinion, M.C.L. 450.1551(1)(b) creates a cause of action against a director who violates M.C.L. 450.1855a.

The statute of limitations for a violation of M.C.L. 450.1551 and M.C.L. 450.1855a is set forth in M.C.L. 450.1554. That section provides in part:

> An action against a director or shareholder for recovery upon a liability imposed by section 551 shall be commenced within 3 years after the cause of action accrues.

The statute, however, fails to specify when a cause of action accrues. A more general definition of when a cause of action accrues is found at M.C.L. 600.5827 which states:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues *at the time the wrong upon which the claim is based was done regardless of the time when the damage results.*

(Emphasis added.) Sections M.C.L. 600.5829 to 600.5838 are not applicable to this case. Thus, the cause of action accrued "at the time of the wrong upon which the claim is based."

In this particular case, the undisputed facts show that on July 13, 1990, Mr. Mol distributed most of the assets of Mol, Inc. (the W.W. Grainger stock) without making provision for Travelers. The undisputed facts also show that Mol, Inc. formally dissolved under the Michigan Business Corporation Act on January 8, 1993. This case was filed on April 25, 1995.

Mr. Mol argues that plaintiff's claim against him, individually as a director, accrued at the date of the distribution of the W.W. Grainger, Inc. shares to the Mansco–Lakeshore, Inc. shareholders. Mr. Mol cites *Mascarenas v. Union Carbide Corp.*, 196 Mich.App. 240, 244, 492 N.W.2d 512 (1992), for the proposition that:

> A claim accrues when all the necessary elements have occurred and can be alleged in a proper complaint.

(Citations omitted.)

■ This Court agrees with Mr. Mol that the claim against him accrued when the W.W. Grainger stock was distributed in July 1990. The Court understands Travelers' argument that it did not have a firm number for the retrospective premium in July 1990.

---

**4.** M.C.L. 450.1851(1).

**5.** M.C.L. 600.3605 and M.C.L. 600.3620.

However, the contractual obligation to pay a retrospective premium was fixed at that time. This Court believes that M.C.L. 450.1855a specifically addresses what allegedly occurred in this case—the obligation being known, but the certainty or amount of the obligation being unknown. In this regard, it is particularly noteworthy that the second sentence of M.C.L. 450.1855a requires that the corporation make provision for those debts, obligations, and liabilities "*anticipated to arise after* the effective date of dissolution." If the debt, obligation, or liability is "anticipated" to arise after dissolution, then, by definition, the provision for those debts must occur *before* dissolution. M.C.L. 450.1855a, then, does not tie the wrong to the date of the dissolution but, rather, to the date that the corporation distributed its assets to shareholders and failed to provide for future debts, obligations, and liabilities. Thus, all of the elements for a claim under M.C.L. 450.1855a and 450.1551 are in place before dissolution when the corporation makes a distribution to shareholders and fails to pay or to make a reasonable estimate and provision for debts, obligations, and liabilities anticipated to arise after dissolution. In other words, when corporations dissolve facing debts, obligations, and liabilities expected to arise after the effective date of dissolution, the corporate directors have the statutory duty to set aside an amount or otherwise make arrangements sufficient to "provide for" those future debts, obligations, and liabilities. The directors may not know the exact amount of the debts, obligations, and liabilities, but that does not excuse them from their statutory duties. In fulfilling these duties, the directors need not be exact in their calculation so long as they provide a "reasonable estimate" and discharge their duties pursuant to the standards set forth in M.C.L. 450.1541a. The alleged wrong of Mr. Mol is that he violated his statutory duty because he did not "provide for" the obligation to Travelers. This wrong occurred in July 1990 when he approved the distribution and the distribution was made.

Travelers own brief states:

The cause of action against the director does not accrue at the same time as the debt to the creditor, but **rather when the director approves the distribution** in violation of § 450.1551. Since Mol Inc. did not dissolve until January 8, 1993, it is unlikely that the cause of action accrued much before that date. If so, then the three year statute has not yet run.

Travelers's Memorandum Of Law In Opposition, p. 9. Instead of the distribution having occurred shortly before the dissolution, as Travelers assumes, it occurred about 2½ years before the dissolution. Even though Travelers made a mistake about the timing of the approval, it is apparent that Travelers asserted, at one time anyway, the correct legal rule that the claim accrued when Mr. Mol approved the distribution—in fact, no later than July 13, 1990.

Travelers argues that it could not have sued for the premium until it knew the amount of the premium. Citing, *Moll v. Abbott Laboratories,* 444 Mich. 1, 12, 506 N.W.2d 816 (1993). This begs the question because the lawsuit against Mr. Mol is for failure to provide for the obligation as distinguished from a suit on the obligation itself. If Traveler's claim had been brought in a timely fashion, even though the exact amount of the retrospective premium was unknown at that time, Mr. Mol could have known of his anticipated obligation and could have defended and planned accordingly. Specifically, Mr. Mol would have been required to make a reasonable estimate and provide for the obligation to Travelers. Mr. Mol may have had to reimburse the corporation the amount he should have provided for Travelers or, perhaps, pay Travelers directly.

Travelers argues that the claim could not accrue until it sent its bill for the premium. However, during oral argument Travelers conceded that there is no duty on Travelers to send its retrospective premium notice at any fixed point in the future. Thus, theoretically, Travelers could keep an account open for many years before sending its bill and, under its theory, delay indefinitely the accrual of its claim. This would, of course, put the operation of the statute of limitations under the sole control of Travelers.

This Court believes that the statute itself requires the conclusion reached above.

However, even as a policy matter, when balancing the need of Travelers for more information regarding the amount of premium against the need of directors to be free from concern regarding decisions they made in the past and the need for an orderly winding up of a corporation's affairs, it seems reasonable to this Court that the time to start running a statute of limitations for a wrongful distribution is from the time of the allegedly wrongful distribution as distinguished from the time that Travelers finally figures out the premium and sends the bill.

This Court's decision may or may not result in a windfall to Mr. Mol. However, application of any statute of limitations may deny recovery for otherwise very valid claims.

For these reasons, the Court finds that the claim against Jacob C. Mol as a director for wrongful distribution is time barred, and Mr. Mol's motion for partial summary judgment on Count II will be granted.

An Order consistent with this Opinion will be entered.

### ORDER

In accordance with the Opinion entered this date,

**IT IS HEREBY ORDERED** that defendant Jacob C. Mol's motion for partial summary judgment on Count II claims under M.C.L. 450.1551 (docket no. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that, within twenty-eight (28) days of this Order, each party shall file with the Court a written statement of the status and viability of Count I, and Travelers shall inform the Court of its intentions for future prosecution of this case.